UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CORY CUMINGS,<br><br>Defendant. | 4:24-CR-40125-RAL<br><br>ORDER CONCERNING POSSIBLE INCREASE IN MONTHLY RESTITUTION PAYMENTS |

On November 23, 2026, this Court held a sentencing hearing and sentenced Defendant Cory Cummings on tax evasion and prohibited possession of a firearm to a total of 20 months incarceration, three years of supervised release, and restitution of $1,005,850.12 payable to the Internal Revenue Service. This Court set a payment schedule for monthly payments beginning 60 days after Defendant's release from custody. Payment of restitution along that schedule would have Defendant far short of paying the full restitution amount by the end of his supervised release period, unless liquidation of certain assets yields more than what the Court anticipates. As mentioned by this Court during the restitution hearing, a material change in Defendant's financial circumstances may justify a change in those monthly payments.

"Pursuant to the Mandatory Victims Restitution Act of 1996 (MYRA), 18 U.S.C. § 3664 (Supp. II 1996), restitution is required for certain crimes[.]" United States v. McGlothlin, 249 F.3d 783, 784 (8th Cir. 2001). Tax evasion, one of the crimes Defendant was convicted of committing, qualifies as such an offense. See United States v. Pamelk, 959 F.3d 537, 540 (2d Cir. 2020).

District courts are obligated to impose restitution in the full amount of a victim's losses "without consideration of the economic circumstances of the defendant." United States V. McGlothlin, 249 F.3d 783, 784 (8th Cir. 2001) (citing § 3664(f)(1)(A)). Sentencing courts have the discretion to order a single payment, partial payments made at certain intervals, or in-kind payments. Jones v. Fikes, No. 20-CV-1341 (SRN/HB), 2021 WL 536135, at *4 (D. Minn. Jan. 19, 2021), report and recommendation adopted, No. 20-CV-01341 (SRN/HB), 2021 WL 533700 (D. Minn. Feb. 12, 2021); see 18 U.S.C. § 3664(f)(3)(A). "The offender's ability to pay is relevant only in determining whether restitution should be paid by lump-sum, a schedule of payments, or nominal payments." McGlothlin, 249 at F.3d at 784 (cleaned up and citations omitted). "Thus, the district court has substantial discretion in determining how restitution is to be paid." Id. (citing 18 U.S.C. § 3664(f)(2)).

Defendant generated substantial income as the owner of Mitchell Roofing, much of which he kept and spent for himself. Whether that business rebounds after Defendant's incarceration and what assets Defendant truly has remain unknown to this Court.

Section § 3664(k) allows a court to modify a restitution order under certain circumstances. See United States v. Deiong, No. 13-00134-01-CR-W-HFS, 2018 WL 9371685, at *1 (W.D. Mo. Nov. 16, 2018). "While the statute authorizes a district court to make a change in a defendant's restitution obligations, doing so requires a 'material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution.'" Id. (citing 18 U.S.C. § 3664(k)). This Court invites from the United States a motion to increase the monthly restitution balance if Defendant's business rebounds quicker than this Court foresaw. Further, nothing in this Court's decision about monthly restitution payments should be taken as limiting what the United States has as other remedies of seizure and liquidation of Defendant's assets.

DATED this 25th day of November, 2026.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE